**Jason Leventhal, Jr. (JL1067)**
**Attorney for Plaintiff**
**60 Bay Street**
**Staten Island, NY 10301**
**(718) 556-9600**

CV 02 3053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CAROL AMBROSOLE,

                         Plaintiff(s)                Dkt. No.:    **ROSS, J.**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT, E.D.N.Y.
* MAY 22 2002 *
BROOKLYN OFFICE

    -against-                                       **COMPLAINT**

**POHORELSKY, M.J.**

**JURY TRIAL DEMANDED**

**CITY OF NEW YORK, NEW YORK**
**CITY POLICE OFFICER LEE and JOHN DOE,**

                         **Defendant(s)**
-----------------------------------------------------------x

        Plaintiff, **CAROL AMBROSOLE**, by her attorney, Jason Leventhal, Jr., Esq., complaining of the Defendants, respectfully alleges upon information and belief:

Jurisdiction

        1. This action is brought pursuant to 42 U.S.C. § 1983, 1985, and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

Venue

        2. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the events giving rise to the claims occurred, and at least one of the defendants resides.

Parties

3. Plaintiff, CAROL AMBROSOLE, is and was a resident of the United States and the State of New York.

4. Defendants JOHN DOE, and P.O. LEE were at all times material herein police officers of the Defendant CITY OF NEW YORK. They are sued individually and in their official capacities.

5. At all times material herein, the Defendant, CITY OF NEW YORK, was and still is a Municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. At all times material herein, the defendant CITY OF NEW YORK employed the defendants JOHN DOE and P.O. LEE as police officers.

7. At all times material herein and in their actions described herein, the defendants were acting under color of law and under color of their authority as police officers of the CITY OF NEW YORK.

8. On or about February 21, 2001, at approximately 11:00 p.m. the Plaintiff was lawfully a passenger in a motor vehicle in the vicinity of Victory Boulevard and Clove Road, Staten Island, New York, when plaintiff was physically assaulted by defendants without lawful cause.

9. As Plaintiff was complying with a Police Officer's orders, Defendant JOHN DOE, without cause provocation, warning or consent, grabbed Plaintiff by the arms and physically threw plaintiff out of the motor vehicle, thereby causing Plaintiff to fall forward striking her head, face and body on the pavement., causing a laceration to Plaintiff's head.

10. While Plaintiff was laying face first on the pavement, Plaintiff was struck by defendant JOHN DOE numerous times, on the head, ribs, and back, thereby causing severe pain, and bruising.

11. Plaintiff was then handcuffed by defendant JOHN DOE and transported to the 120th Precinct and placed in a holding cell.

12. Defendant JOHN DOE verbally harassed and abused Plaintiff while she was in said

holding cell by refusing to allow Plaintiff to use a telephone to call her attorney, by cursing and swearing at Plaintiff, and by repeatedly stating to Plaintiff in sum and substance, you're never getting out of here.

13. Defendants JOHN DOE and P.O. LEE attempted to coverup the assault on Plaintiff by telling medical personnel that Plaintiff fell and hit her head.

14. From on or about February 21, 2001 to on or about February 22, 2001 at approximately 9:00pm, Defendants, P.O. LEE and JOHN DOE, intentionally refused to fingerprint Plaintiff thereby causing an intentional delay of her Criminal Court Arraignment, thereby unlawfully imprisoning Plaintiff.

15. That on or about February 22, 2001 the individual Defendants, P.O. LEE and JOHN DOE, signed an accusatory instrument thereby maliciously prosecuting Plaintiff.

16. That subsequently, all criminal charges against the Plaintiff were dismissed in Richmond County Criminal Court.

## Federal Claims

17. The acts and conduct described above deprived the Plaintiff of her rights:

   (A) to freedom of speech and association, and the right to petition the government for redress of grievances;

   (B) not to be deprived of liberty without due process of law;

   (C) not to have excessive force used against him by police officers acting under color of law;

   (D) not to have summary punishment imposed upon him by police officers acting under color of law;

(E) to be free of unreasonable seizure of his person by police officers acting under color of law;

(F) not to be maliciously prosecuted by police officers and the CITY OF NEW YORK;

All in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

18. The acts and conduct complained of herein resulted in part from a de facto policy or custom of the defendant CITY OF NEW YORK, implemented by police officers of the defendant, 1) to punish summarily persons who appear not to be responsive to police directions or who appear to challenge police authority, whether lawfully exercised or not, by means of unlawful arrest, unlawful detention, threat or unlawful arrest or detention, and the excessive use of force; 2) provide false information, testify falsely, and falsify official records; 3) to use unnecessary force and brutality in order to show who is boss; and 4) to cover up any illegal or improper conduct committed by another police officer in accordance with the custom not to "blow the whistle" on a fellow officer and in perpetuation of the "code of silence," often out of fear of the consequences of breaking the code of silence.

19. Despite knowing of the existence of the policies or customs described in paragraph 18, supervisory and policy making officers and officials of the defendant CITY OF NEW YORK have failed to properly recruit, screen, train, supervise and discipline the individual officers who engage in the acts and conduct complained of.

20. As a result of the failure of its officials to properly recruit, screen, train, supervise and discipline its police officers, including defendant, the defendant CITY OF NEW YORK has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

21. As a result of the acts and conduct of the defendants complained of herein, plaintiff CAROL AMBROSOLE, has suffered deprivation of her liberty, serious and possible permanent physical and emotional injuries, grievous mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss, and other damages.

22. The acts and conduct of defendants described above were intentional, wanton, malicious and oppressive, thus entitling plaintiff to punitive damages against defendants in their individual capacities.

## State Claims for Relief

23. The allegations of paragraphs 1 through 22 inclusive are incorporated by reference herein.

24. The acts and conduct of the defendants constitute assault, battery, intentional and negligent infliction of emotional distress, prima facie tort, negligence and gross negligence under the law of the State of New York, and this Court has pendent and supplemental jurisdiction to hear and adjudicate these claims.

25. Plaintiff timely made and served notices of claim upon the defendant CITY OF NEW YORK within 90 days of the incident and has otherwise complied with the statutory requirements of the General Municipal Law of the State of the State of New York; and although more than 30 days have elapsed since service of the notices, the defendants have neglected to adjust or pay such claims.

WHEREFORE, plaintiff, CAROL AMBROSOLE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

BY: JASON LEVENTHAL, JR.

Jason Leventhal, Jr. (1067)
Attorney for Plaintiff
60 Bay Street
SI, NY 10301
(718) 556-9600

DATED:   May 22, 2002
         Staten Island, New York